PEOPLE, PLAINTIFF AND APPELLEE, *v.* PILLOT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Breach of Peace.

No. 1627.—Decided July 26, 1921.

BREACH OF PEACE.—A breach of the peace by vituperations and threats is not charged in a complaint whose pertinent part is as follows: " * * * Mayor Grau ought not to permit that while a public meeting is being held the lights should be extinguished; and he must have ordered the operator to extinguish them, which was a lack of courtesy, a lack of respect and a lack of shame. These words were spoken by the defendant in a loud voice in the presence of numerous persons there assembled and referred to Mayor Grau."

The facts are stated in the opinion.

*Messrs. L. Capó* and *J. Soto Rivera* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Pablo Pillot was convicted of a breach of the peace and sentenced to pay a fine of $50, or to one day's imprisonment

for each dollar not paid. He appealed to this court and the only question raised is whether the complaint states facts sufficient to constitute the offense with which he was charged and of which he was convicted. The complaint reads as follows:

"The said defendant, Pablo Pillot García, wilfully and maliciously disturbed the peace and tranquility of Jorge Grau, Mayor of the Municipality of Guayama, P. R., by addressing to him in his presence from a public platform from which Pillot García was speaking at a meeting of lacemakers being held at that place, vituperations and provocations such as the following: 'Mayor Grau ought not to allow the lights to be extinguished while a public meeting is being held, for he should have given orders to the operator to extinguish them, because that was a lack of courtesy, a lack of respect and a lack of shame (*vergüenza*). These words were spoken by the defendant in a loud voice in the presence of numerous persons there assembled and referred to Mayor Grau."

The law applicable to the case is section 368 of the Penal Code, which in so far as pertinent, reads as follows:

"Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing (*vituperios*), quarrelling, challenging to fight or fighting (*provocaciones*), *  *  * ."

It is alleged, therefore, that what the defendant said from the platform was:

(1) Mayor Grau ought not to allow the lights to be extinguished while a public meeting is being held, (2) for he should have given orders to the operator to extinguish them, (3) because that was a lack of courtesy, a lack of respect and a lack of shame.

The imputation contained in the first sentence does not constitute vituperation or provocation. To say that the mayor ought not to allow the lights to be extinguished while a meeting was being held is to express an opinion. Every

citizen has a right to criticize the acts of public officials and to express his opinion freely. His opinion will have the force given to it by his own reasoning and by the personal prestige of the one who expresses it.

The second sentence is obscure. Either the word "not" should have preceded the word "have" in order to charge the mayor with a positive act, or it is necessary to conclude that instead of "to extinguish them," it was meant to say "not to extinguish them." Nor does the second sentence, whatever the meaning that may be given to it, contain any provocation or vituperation.

The third sentence, connected with the two preceding ones, is what decides the question involved. What was it that the defendant called a lack of courtesy, a lack of respect and a lack of shame? Was it the act itself that the lights were extinguished on the said occasion, or was it the mayor's conduct?

The imputations of lack of courtesy and of respect should be discarded. They are not sufficient to constitute vitupera- tion or provocation. There remains only the charge of lack of shame. The expression "that is a shame," although harsh and strong of itself, is often used in referring to some act, without really being considered as a vituperation or provoca- tion; but if one person should say to another in a loud voice and in public, "You have no shame," that would clearly be a provocation sufficient to produce a breach of the peace.

The complaint gives the impression that what was called a lack of shame was the act of extinguishing the lights. That act was not committed personally by the mayor, and although it might be urged that it was intended to be said that it was the result of an order of the mayor, or of his failure to give an order, we think that, considering the indirectness of the charge, the occasion on which the words were uttered and the fact that a public official and a public service were being

referred to, the utterances of the defendant can not be considered as constituting a crime.

By virtue of the foregoing the judgment appealed from must be reversed and the defendant acquitted.

*Reversed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.